**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY L. DOWDY,<br><br>        Petitioner - Appellant,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>        Respondent - Appellee. | No. 10-17445<br><br>D.C. No. 3:09-cv-03144-WHA<br><br><br>MEMORANDUM[*] |
| GREGORY L. DOWDY,<br><br>        Petitioner - Appellant,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>        Respondent - Appellee. | No. 14-15604<br><br>D.C. No. 3:09-cv-03144-WHA |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted September 15, 2015[]
San Francisco, California

Before: CALLAHAN, CHRISTEN, and FRIEDLAND, Circuit Judges.

Gregory Dowdy petitioned the district court for a writ of habeas corpus. The district court dismissed his petition as untimely and denied a later motion to set aside this denial. Dowdy appeals, arguing that he was entitled to equitable tolling because his mental illness prevented him from filing a timely petition. We affirm.[1]

Dowdy has not satisfied the test for equitable tolling under the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he has not shown that (1) his mental impairment was an "extraordinary circumstance" that rendered him unable to either "personally understand the need to timely file" or "personally to prepare a habeas petition and effectuate its filing" and (2) despite his "diligence in pursuing the claims to the extent he could understand them, . . . the mental impairment made it impossible to meet the filing deadline." *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

As the district court found and the record supports, medication adequately controlled Dowdy's mental impairment at least from 2002 to 2008. During this

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The parties are familiar with the facts, so we will not recount them here.

time, Dowdy's Global Assessment Functioning ("GAF") indicated only moderate

symptoms of impairment, and Dowdy filed two state habeas petitions and another

federal habeas petition.

**AFFIRMED**